

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANWAR SHARIF ALI | : | Civil Action No. 14-1149 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |

FILED

NOV 1 0 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER

**AND NOW**, this 6th day of November 2014, upon careful consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and all memoranda and exhibits in support of habeas corpus, the Respondents' response thereto, and Petitioner's reply, the state court record, and upon review of the Report and Recommendation ("R & R") of United States Magistrate Judge Henry S. Perkin [Doc. No. 17], and having reviewed *de novo* those portions of the R & R to which Petitioner objected, and for the reasons set forth in the thorough and well-reasoned R & R, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**;[1]

---

[1] Ali's petition is not a challenge to his detention, but is instead a claim that the Pennsylvania state court is depriving him of his state and constitutional rights to a speedy trial. The relief he seeks is dismissal of his pending state court criminal case with prejudice. Constitutional speedy trial claims may be asserted through a §2241 petition, but exhaustion of state court remedies is required, due to comity considerations. *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975); *Wilson v. Beard*, 2012 WL 1382447, at *8-9 (E.D. Pa. Apr. 20, 2012). The rationale behind exhaustion is to allow the state courts the opportunity to correct their own constitutional errors prior to review by the federal courts, except in extraordinary circumstances. *Moore*, 515 F.2d at 443. In his well-reasoned R & R, Judge Perkin explains that Ali has not exhausted his state court remedies with regard to his constitutional speedy trial claim, and has not presented extraordinary circumstances, and therefore his petition must be dismissed. Ali has filed objections, arguing that he did exhaust his state court remedies, and arguing the merits of his speedy trial claims.

On November 26, 2013, Ali, through counsel, filed a motion to dismiss his pending criminal action in state court for violation of Pennsylvania Rule of Criminal Procedure 600, which requires prompt trial. The docket indicates that the trial judge denied this motion without prejudice on December 2, 2013. In his objections to the R & R, Ali notes that although he has not directly appealed the trial court's ruling on his Rule 600 motion, he filed a writ of mandamus with the Pennsylvania Supreme Court, asserting his right to a speedy trial under both state law and the United States Constitution. The state supreme court rejected his writ as a petition seeking an unavailable form of relief; it did not reach the merits of his claim that he was being denied a speedy trial. Ali argues that the rejection of his writ satisfies the exhaustion of state court remedies requirement. It does not. *See Moore*, 515 F.2d at 445 (denial of motion seeking interlocutory review does not constitute a ruling on the merits of the speedy trial claim for purposes of the exhaustion requirement). A writ of mandamus is a request for an extraordinary remedy, and the state supreme court's rejection of his request for a writ of mandamus is not indicative of how the appellate courts will rule should Ali raise a federal constitutional speedy trial challenge on a direct or collateral appeal. (As the R & R points

2. The R & R is **APPROVED** and **ADOPTED** for the reasons set forth therein;

3. The Petition for Writ of Habeas Corpus by a Person in State Custody is **DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING**, without prejudice to a renewal of these claims after Petitioner has availed himself of state law remedies; and

4. There is no probable cause to issue a certificate of appealability.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

BY THE COURT:

*[signature]*
CYNTHIA M. RUFE, J.

*[handwritten note: Mailed / Emailed / 11-10-14 / Chambers / A. Ali]*

---

out, violations of state law speedy trial rules cannot be raised in habeas petitions before the federal courts). State law does not foreclose state court review of these claims. Thus, as explained in detail in the R & R, Ali must first raise the constitutional speedy trial issue in the state courts; if the state courts do not rule in his favor, he may, after exhausting his state court remedies, assert his speedy trial claim in federal court.

Ali's objections also address the merits of his argument that he has been denied a speedy trial, describing the trial delays attributable to Ali, the state, and the court. Because the Court finds that his claims are not exhausted (or excused from the exhaustion requirement), the Court need not address these objections, except to the extent that Ali may be attempting to establish extraordinary circumstances, permitting the Court to rule on the habeas petition without exhaustion. Under that standard, as set forth in the R & R, Ali has not established that the state proceedings have been inexplicably halted for a lengthy period of time. While Ali's trial has been continued multiple times, there appear to have been sound reasons for the postponements (e.g. changes in defense counsel, the granting of defendant's motion to sever, and the judge's trial schedule).

*[handwritten note: Default to State]*